UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. DEPREE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:05CV210 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon Christopher M. DePree's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed November 25, 2005. (Doc. No. 1). The matter is fully briefed and ready for disposition.

### BACKGROUND

Movant Christopher M. DePree ("Movant") was charged by Indictment with one count of knowingly and intentionally distributing five grams or more of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). (Indictment (1:05CR88 JCH, Doc. No. 1)). On August 22, 2005, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (1:05CR88 JCH, Doc. Nos. 25, 26)). On November 14, 2005, the Court sentenced Movant to 188 months imprisonment, followed by four years supervised release. (Judgment (1:05CR88 JCH, Doc. No. 32)). Movant did not appeal his conviction or sentence.

On November 25, 2005, Movant filed the instant § 2255 Motion. As the Court construes his motion, Movant presents five grounds for relief, as follows:

(1) That Movant received ineffective assistance of counsel, in that counsel failed to object to Movant receiving a sentence above the statutory minimum of five years;

(2) That Movant received ineffective assistance of counsel, in that counsel failed to object to the Government's alleged discrimination;

(3) That Movant received ineffective assistance of counsel, in that counsel erroneously assured Movant that in the event he plead guilty, he would receive a sentence of ten years imprisonment or less;

(4) That Movant received ineffective assistance of counsel, in that counsel failed to offer mitigating circumstances warranting a departure at sentencing; and

(5) That the Government's attorney engaged in prosecutorial misconduct, by discriminating against Movant on the basis of race.

(§ 2255 Motion, PP. 5-14).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ineffective Assistance Of Counsel

As stated above, in his § 2255 Motion, Movant maintains he received ineffective assistance of counsel during the plea proceeding and at sentencing.[2] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the movant must show

---

[2] Although Movant did not raise his claims of ineffective assistance of counsel on direct appeal, they are not subject to procedural default, as they could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

A.     **Ground 1**

In Ground 1 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to object to Movant receiving a sentence above the statutory minimum of five years. (§ 2255 Motion, P. 5). Upon consideration, the Court finds that with this allegation, Movant fails to satisfy the first prong of the Strickland test, i.e., demonstrating that his trial counsel's performance was deficient. Specifically, the Court notes that during sentencing Movant's attorney, Mr. Michael Skrien, argued as follows:

> Your Honor, will all due respect to the guidelines, it seems if you plug Mr. DePree into the equation of the guidelines, the answer is a career offender, and Your Honor, there is nothing I can argue about with that, that his criminal history is what it is, but I would ask the Court to take into account everything that the Court is allowed to do under 3553, and I'd just like to go through a couple of those things at this time.
>
> Your Honor, one of the things I know is this offense, the Court can consider the nature of this offense, and while I'm not going to try to minimize anything about this offense, Mr. DePree would like to, by way of just explanation, not an excuse, indicate that he was trying to make some money, and that he knew it was wrong. He is prepared to accept the full responsibility for this, obviously. This did not go as planned, and did not go well, and perhaps it may be in the long run the best thing that ever happened to him, I don't know, but that's certainly the attitude I get from him, is that we have got his attention.
>
> He had two prior drug offenses, one when he was 18 years old, and the other when he was either 19 or 20. He was sentenced, I believe, on both of those to 120 days at the same time, so as far as those two cases are concerned, and dealing with the issue of recidivism and things like that, he has only been incarcerated for a period of 120 days, and now he's looking at a career offender sentence of between 188 and 235 months. Obviously, close to--that high end of close to 20 years, and the low end is 15, and almost 16 years. Your Honor, I believe that that's a lot of time, and I think it's high.
>
> We agreed--the Government did agree not to file an enhancement, which they could have, to make a mandatory minimum ten years, they agreed

> to allow us to argue below the guideline range, and I don't want to make light of that. We do appreciate it, Your Honor, but I would hope that the circumstances of this case would warrant a variance, regardless of that agreement....
>
> I know Chris does have potential. With the guidelines range, it almost seems like we're throwing the potential away, or putting it off so far as to not have a very real effect. Not that he wouldn't be a productive citizen whenever he gets out, but I think that the rationale behind imposing a sentence is make it no more than adequate, and I'm paraphrasing there. I think that can be accomplished with a lower sentence than the guideline range....

(Sentencing Hearing Transcript, PP. 4-7). The Court finds trial counsel's actions in requesting a sentence lower than the guideline range were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Movant's request for relief on this ground must therefore be denied.[3]

**B.     Ground 3**

In Ground 3 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel erroneously assured Movant that in the event he plead guilty, he would receive a sentence of ten years imprisonment or less. (§ 2255 Motion, P. 8). Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now have you received a copy, Mr. DePree, of the indictment or the charge against you? |
| THE DEFENDANT: | Yes, Ma'am. |

---

[3] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Movant suffered prejudice.

| | |
|---|---|
| THE COURT: | And have you had an opportunity to discuss that charge with Mr. Skrien? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Do you have any question about the charge itself? |
| THE DEFENDANT: | No, I don't, Ma'am.... |
| THE COURT: | Now I've received a document entitled "Plea Agreement, Guidelines, Recommendations and Stipulations." This is a 15-page document, and I have the original here in front of me. Do you have a copy there, Mr. DePree? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Turning to Page 15, the last page, is that your signature at the top of that page? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And did you sign that this morning? |
| THE DEFENDANT: | Yes, Ma'am.... |
| THE COURT: | Now, Mr. DePree, have you had an opportunity to review this plea agreement and this document with Mr. Skrien? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| THE DEFENDANT: | Now, yes, Ma'am.[4] |
| THE COURT: | Okay. Is there anything in this document with which you disagree?... |
| THE DEFENDANT: | No, Ma'am. Everything is fine. |

---

[4] During the change of plea proceeding, the plea agreement was changed to the standard language in a plea agreement, leaving the determination of Movant's criminal history category to the Court. (Plea Hearing Transcript, PP. 5-7).

| | |
|---|---|
| THE COURT: | Okay. And you've had ample opportunity to review it and discuss it with Mr. Skrien? |
| THE DEFENDANT: | Yes, Ma'am.... |
| THE COURT: | Now has anyone made any promises or assurances to you other [than] what's contained in this document in order to cause you to plead guilty? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No, Ma'am. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes, Ma'am.... |
| THE COURT: | Did you, in fact, commit these acts...as they are also described in Paragraph 4 of the stipulation? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | How do you plead to Count I? Guilty or not guilty? |
| THE DEFENDANT: | Guilty. |

(Plea Hearing Transcript, PP. 4-5, 7-8, 15). The Court further questioned Movant with respect to his satisfaction with his counsel, as follows:

| | |
|---|---|
| THE COURT: | Are you satisfied with the representation you've received from Mr. Skrien in this matter? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Do you have any complaints whatsoever about his representation of you? |
| THE DEFENDANT: | No, Ma'am.... |

(Plea Hearing Transcript, P. 5). Finally, the Court questioned Movant with respect to his understanding of the applicable sentencing range, as follows:

| | |
|---|---|
| THE COURT: | Now, Mr. DePree, do you understand that the maximum possible penalty for the offense in Count I is imprisonment of not less than five years, nor more than 40 years; a fine of not more than two million dollars, or both a fine and imprisonment? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And do you understand that this offense carries with it a mandatory minimum term of imprisonment of at least five years? |
| THE DEFENDANT: | Yes, Ma'am.... |
| THE COURT: | Now do you understand, Mr. DePree, that if I accept your plea of guilty, in order to determine what sentence to impose in your case, I will be consulting the *Sentencing Guidelines*? |
| THE DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Now have you discussed with Mr. Skrien how the *Guidelines* might apply or affect your sentence? |
| THE DEFENDANT: | Yes, Ma'am.... |

(Plea Hearing Transcript, PP. 9-10).[5]  Based on Movant's representations during his Change of Plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of *United States vs. DePree* that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in Count I. The plea to Count I is, therefore, accepted, and the Defendant is now adjudged guilty of that offense. |

(Plea Hearing Transcript, P. 15).

---

[5] At no time during his change of plea proceeding or sentencing proceeding did Movant indicate he was told he would receive a particular sentence.

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates he voluntarily pled guilty, with a full understanding of the potential sentencing range, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Movant's third ground for relief will therefore be denied.

**C.     Ground 4**

In Ground 4 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to offer mitigating circumstances warranting a departure at sentencing. (§ 2255 Motion, PP. 13, 14). Specifically, Movant maintains Mr. Skrien should have discussed both the fact that Movant's father was not a part of his early life, and that Movant himself was obese. (Id.).

Upon consideration, the Court finds Movant's counsel's performance was not deficient in this regard. First, with respect to Movant's family situation, during sentencing Mr. Skrien argued as follows:

> He does have family. I know the Court has read the letter, and his family is here, and I've spoken with them, and they are prepared to accept whatever this Court deems appropriate, and they are very aware of the guideline range as well. He is going to be punished not only by serving a sentence, but also by missing a substantial part of his daughters' lives growing up, regardless of what the sentence is. He is going to be punished in that respect....
>
> His father is here. His father has admitted to me that his growing up was not ideal, and he was not the perfect role model for a father, and he is trying to make sure Chris can do whatever he can once he is done with this with respect to his daughters' lives. So, Your Honor, for those reasons, we would ask for a sentence below the United States Guideline range.

(Sentencing Hearing Transcript, PP. 6-7). The Court finds trial counsel's assertions regarding Movant's less than ideal family situation fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690, and so Movant's request for relief on this basis must be denied.[6]

## II. Prosecutorial Misconduct

In Ground 5 of his § 2255 Motion, Movant contends the Government's attorney engaged in prosecutorial misconduct, by discriminating against Movant on the basis of race. (§ 2255 Motion, PP. 5, 6, 9). Specifically, Movant alleges that Mr. Terri Cunningham, a white male, and Mr. Adrian Brown, an African-American male, both received lesser sentences than Movant, despite their criminal histories. (Id.).

By way of response, the Government notes that rather than discriminate, it provided a major concession to Movant, by not filing either of his prior drug convictions. (See Government's Answer to Movant's Section 2255 Petition and Motion to Dismiss, P. 16, noting that had either one of the prior convictions been filed, the sentencing range would have been 262-327 months, rather than 188-235 months). Furthermore, with respect to the allegedly disparate sentences, the Government responds as follows:

> In regard to DePree's claims that the undersigned racially discriminated against him since his sentence was more severe than a white man, Terry Cunningham (1:05CR42CAS), and a black man, Adrian Brown (1:05CR12ERW), these claims are unfounded. While Cunningham and Brown did have some criminal history, they were not found to be career offenders under United States Guidelines Section 4B1.1. Thus their sentences were less than DePree's. The undersigned had nothing to do with these determinations, they are simply facts, which provided lesser sentencing ranges for Cunningham and Brown.

---

[6] With respect to Movant's alleged obesity, the Court agrees with the Government that Movant's presence in the courtroom during both the change of plea and the sentencing proceedings assured that this condition was apparent to the Court.

(Id., P. 17). Movant offers no response to the Government's assertions, and upon consideration the Court finds relief on this basis to be inappropriate. Ground 5 is denied.[7]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 19th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] In light of the above ruling, the Court further holds Movant's counsel was not ineffective for failing to object on the basis of the Government's alleged discrimination. Ground 2 is denied.